United States District Court
Southern District of Texas
**ENTERED**
February 22, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT
OF TEXAS HOUSTON DIVISION**

| | | |
|---|---|---|
| United States of America, | § § § | |
| *Plaintiff*, | § | |
| v. | § § | Case No. 4:21-cr-518 |
| Ashlyne Blake Steen, | § § | |
| *Defendant*. | § § | |

## ORDER REVOKING BOND

Pending before the Court is the Government's Petition for Action on Conditions of Pretrial Release, ECF. No. 22, and Defendant's motion to modify bond conditions, ECF No. 21. The Court held a video hearing on February 14, 2022, and found that Defendant violated conditions of release, and is unlikely to abide by any conditions of release. *See* Bail Reform Act, 18 U.S.C. §§ 3148(b)(1)(B) and (b)(2)(B). AUSA Rick Hanes, attorney Mark Thering, and Probation Officer Kimberly Vaults attended the hearing. Defendant was present by video, having waived an in-person appearance. The uncontroverted facts at the hearing established the following:

On September 23, 2021, the Court held a preliminary and detention hearing. Pretrial Services recommended release on bond, with her father to serve as a third-party custodian. ECF No. 9 at 4-5. After finding probable cause, the Court decided to detain Defendant, finding that adequate living conditions had not been

presented. Before a written detention order was filed, Defendant's counsel filed a motion to reconsider, proposing her mother as the third-party custodian. ECF No. 8. The Government did not oppose bond provided Defendant's mother was the third-party custodian, she was confined to her mother's residence under home incarceration, and she had to wear a GPS monitor. Based on the Government's non-opposition, on October 26, 2021, the Court held a bond hearing and released Defendant on home incarceration in her mother's custody. ECF Nos. 17, 18. Under home incarceration, Defendant is confined to the home in 24 hour a day lock down, allowed to leave only for medical necessities and court appearances. ECF No. 18. Further, the Court ordered that she could not have any friends over her mother's house. *Id.* At the bond hearing, Defendant was instructed on the conditions of her release and her mother was instructed on the requirements of a third-party custodian.

On February 2, 2022, her probation officer filed a petition for action on conditions of pretrial release, complaining that Defendant had violated the conditions of release. ECF No. 22. Specifically, Defendant's probation officer alleged that, in December 2020, she allowed Defendant to move into her father's house because her mother lost her home, and they did not have another place to live. *Id.* Defendant, her mother, and her father represented to the probation officer that both Defendant and her mother would be living in the father's house. *Id.* Based

on that representation, and that the mother could continue as third-party custodian, she agreed to the temporary move. *Id.* Probation officer conducted a home inspection and advised her parents that Defendant was not to leave the house except for schedule meeting with her attorney and the drug test. *Id.*

On January 26, 2022, probation office conducted an unscheduled home visit at Defendant's father's house. *Id.* At that time, Defendant told the probation officer that her mother was not living at her father's residence and was living instead with her boyfriend. *Id.* Defendant had permission to leave the house to obtain a drug test. She was supposed to leave at 10:00 a.m. and return by 12:00 p.m. Defendant failed to return timely. *Id.* When probation officer tracked her to a basketball court, she called Defendant and admonished her for not returning home immediately after her drug test. *Id.* Defendant advised that her father drove her to the drug test and then took her to the basketball court. *Id.* Later, probation officer spoke to Defendant's father who admitted to driving Defendant to the drug test and then the basketball court to go skating because she had not been skating in a while. *Id.* Mr. Steen claimed to be unaware of the restriction that his daughter could only go for the drug test. *Id.* Probation officer reminded him that, in December, she instructed him on the terms of Defendant's release. *Id.*

Two days later, defense counsel spoke to probation officer, advising that the facts were not as represented. *Id.* In fact, the father did not drive Defendant to the

drug facility or basketball court, a friend did. *Id.*

At the revocation hearing, Defendant admitted that the charges in the probation officer's petition were true. Counsel argued that Defendant had been compliant with her conditions of release other than the one incident going skating. Defendant read a statement, apologizing to the Court. The Court expressed concern regarding who the probation officer could trust, given that neither Defendant nor her father had been truthful.

Then, Defendant's father then made a statement to the Court. He said that he does not lie as a habit but did to cover for his daughter to keep her out of trouble that day. He said he thought Defendant's mother took her to the appointment and did not realize a friend had. He then admitted that, when Defendant's mother lost her house, she got him to agree to let Defendant live with him and lie to probation, saying that the mother lived there too. The mother had no intention of living with the father, but they agreed to lie, supposedly to comply with the terms of the bond. They lied to probation and to Defendant's counsel, telling him that probation had approved the living arrangement of Defendant and her mother living with the father.

Revocation of supervised release is governed by 18 U.S.C. § 3148. Pursuant to 18 U.S.C. § 3148(b)(1)(B), the court finds by clear and convincing evidence that Defendant has violated the terms of her pretrial release. Defendant repeatedly lied to

her probation officer. Her parents conspired to deceive the probation officer by pretending the mother, who agreed to be the third-party custodian, was living in the house with the father and Defendant. They repeated the falsehood to probation in December when she approved the arrangement and conducted a home inspection. They continued the lie in January when probation officer conducted an unscheduled visit, until finally Defendant admitted that her mother did not live there. Defendant lied to probation officer about who took her to the drug test and skating, throwing her father under the bus, instead of admitting she was with a friend in violation of her bond. Her father continued the lie for her when probation confronted him. The parents also lied to Defendant's attorney about the living arrangement. Defendant violated her bond when she went on a skating detour. That infraction is not what causes the Court concern. Instead, it is the conspiracy to lie to probation and counsel, and therefore the Court, under the assumption that the lie would keep Defendant out of trouble. Quite to the contrary. The lie has sealed her fate. Instead of seeking advice of counsel and asking the Court to amend bond conditions based on the economic realities of the family, they engaged in a fraud on the Court. Because there is no one to trust, probation cannot do its job supervising Defendant. Supervised release can only be successful with honesty and cooperation on the part of the Defendant and her custodians. Based on the evidence presented as summarized in this order and as stated on the record, the Court finds, pursuant to 18 U.S.C. § 3148(b)(2)(B), that

Defendant is unlikely to abide by any condition or combination of conditions of release. Therefore, the Government's Petition is **GRANTED**, Defendant's bond is hereby **REVOKED** and the Marshal is **ORDERED** to detain Defendant in custody for proceedings before Chief Judge Lee Rosenthal.

Signed on February 21, 2022, Houston, Texas.

_____
Dena Hanovice Palermo
United States Magistrate Judge